Rodney ACKLEY; Michael Finley; David Hamilton; Mary Ann Hay; James Lee; Marcos Lucero; Edwina Taylor; Robert Tyler, Plaintiffs–Appellants,

v.

CORPORATION OF the STATE OF ARIZONA, Defendant–Appellee.

No. 95–17272.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 1996.[*]

Decided Oct. 15, 1996.

[*] The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Leslie J. Cohen, Arizona Center for Disability Law, Tucson, AZ, for plaintiffs-appellants.

Steven J. Silver, Assistant Attorney General, Phoenix, AZ, for defendant-appellee.

Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR, District Judge.**

After this appeal was filed, the State of Arizona amended its General Assistance Program for severely disabled persons. As a result of this amendment, this appeal has become moot, and it is dismissed.

The claims asserted in this case are asserted by appellants Rodney Ackley, et al. (class plaintiffs) on behalf of severely disabled residents of Arizona who have been adversely affected by Arizona's adoption of durational limits to its General Assistance program. Ariz.Rev.Stat. § 46–233. The claims of lesser disabled persons are not before us.

The district court dismissed the class plaintiffs' disability discrimination action arising under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, in light of *Alexander v. Choate*, 469 U.S. 287, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985), and this appeal followed. While this appeal was pending, Arizona amended its General Assistance program so that the severely disabled are now its exclusive beneficiaries. 1996 Ariz. Sess. Laws, 5th S.S. Chap. 6. The appellee, Corporation of the State of Arizona, has moved to dismiss the appeal as moot under Rule 27 of the Federal Rules of Appellate Procedure, contending that the General Assistance program as amended cannot possibly discriminate against the class plaintiffs. We agree.

** The Honorable Helen Gillmor, United States District Judge, District of Hawaii, sitting by designation.

Section 12132 of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." We recently held that section 12132 requires the state to provide "meaningful access" to state services, programs, and activities for the disabled. *Crowder v. Kitagawa*, 81 F.3d 1480, 1485 (9th Cir.1996).

The class plaintiffs do not argue that Arizona has excluded severely disabled persons from state services, programs or activities by reason of their disability. Indeed, it could not seriously make such an argument because Arizona has provided disability benefits to severely disabled persons precisely because of their disability. The plaintiffs argue instead that Arizona has discriminated against the severely disabled by restricting the duration of their benefits in a way which is more limited than the restrictions on benefits to the generally disabled.

When Arizona amended its General Assistance program to eliminate any benefits for the generally disabled, the group of persons relied upon by the plaintiffs to support their claim of discrimination disappeared. There no longer is any group to which the plaintiffs can point to establish their claim of discrimination against the severely disabled under the ADA. Only one class of persons is now entitled to benefits under Arizona's General Assistance program and that group is comprised of severely disabled persons. There can be no discrimination against severely disabled persons who comprise the group of class plaintiffs if no other group receives any, much less more advantageous, benefits from the state program. Accordingly, this appeal has become moot, and it is

DISMISSED.